PER CURIAM.
This is the second time the sentencing procedures in this case have been appealed to this court. In Rowe v. State, 579 So.2d 142 (Fla. 2d DCA), rev. denied, 589 So.2d 292 (Fla.1991), we affirmed appellant’s conviction of robbery by force but reversed and remanded his habitual offender sentence for failure of the trial judge to make the necessary findings pursuant to section 775.084, Florida Statutes (1987). On remand, the trial judge has again failed to make the necessary findings to habitualize appellant pursuant, to the applicable 1987 version of section 775.084. The trial judge has clearly applied the 1988 modification to the statute which deleted the 1987 version’s requirement that the trial judge before sentencing a defendant pursuant to the habitual offender law shall make “a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant_” See § 775.084(4)(a), Fla. Stat. (1987).
We again reverse appellant’s sentence and remand for resentencing. On remand, the trial court may again impose a habitual offender sentence if the proper findings *643 pursuant to the applicable 1987 version of the habitual offender statute are made.
CAMPBELL, A.C.J., and HALL and ALTENBERND, JJ., concur.